UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSWER COALITION<br>1247 E Street SE<br>Washington, D.C. 20037<br><br>　　　　Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE<br>　INTERIOR<br>1849 C Street, N.W.<br>Washington DC 20240<br><br>　　　　Defendant | Civil Action No.: |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq., as amended. Plaintiff seeks injunctive and other appropriate relief for the expedited processing and release of agency records requested by plaintiff from the Department of the Interior ("DOI") and its component agency, the National Park Service ("NPS"). The DOI and NPS have refused expedited processing and the fee waiver requested by plaintiffs and have failed and refused to respond to subsequent inquiry by plaintiff regarding the FOIA request, including failing and refusing to respond to plaintiff's timely appeal.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

1

## PARTIES

4. Plaintiff A.N.S.W.E.R. Coalition (Act Now to Stop War & End Racism) is an organization expressly formed for the purpose of, and is primarily engaged in, informing the public concerning actual or alleged government activity, specifically that which is related to war policies, civil rights and racism, and mobilizing collective democratic action in response. Plaintiff is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. See 5 U.S.C. § 552(a)(4)(A)(iii). It engages in advocacy, education, mass grassroots action, and litigation relating to the promotion of public understanding and debate concerning key public policy issues including matters related to civil rights and civil liberties including particularly First Amendment rights. See, e.g., National Council of Arab Americans and ANSWER Coalition v. City of New York, Civil Action No. 04-CV-6602 (WHP), United States District Court, Southern District of New York (securing the lifting of restrictions on First Amendment activities on the Great Lawn of Central Park); ANSWER Coalition v. Kempthorne, Civil Action No. 05-0071 (PLF), United States District Court, District of Columbia (enjoining the National Park Service's policy and practice of unconstitutionally allocating and denying access to demonstrators along the Inaugural parade route). A primary activity of ANSWER is the dissemination and publication of information about government activities through leaflets, literature, articles and other communications, using in-person distribution including, but not limited to, at mass demonstrations and public assemblies as well as at conferences and meetings; through the ANSWER web site; and through mass email communications. ANSWER is experienced and successful in communicating with groups and individuals nationwide like the organizations and people who have used the National Mall for free speech activities.

5. Defendant Department of Interior (DOI) is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(l). The National Park Service (NPS) is a component within the DOI. Each is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of public law.

## Background

6. The National Park Service has announced plans to assess and implement "choices for the future of the National Mall," which include significant restrictions on and obstructions to First Amendment activities on the National Mall. In a public meeting held on January 12, 2008 in Washington, D.C. the NPS representatives present acknowledged that no effort had been made to inform those persons and entities who had sought or obtained permits for use of the Mall for First Amendment activities of these significant proposed changes and the new restrictions under consideration. In response to concerns about this lack of public outreach, the NPS representatives stated that others, outside of the NPS, should endeavor to reach out to engage such interested parties. Independently as part of its own mission, as well as consistent with the NPS' stated urging, the ANSWER Coalition sought disclosure of the names, addresses and contact information for persons/groups who have publicly been issued permits for use of the National Mall for demonstrations and First Amendment activities, information which is solely in the possession of the NPS and DOI.

7. The National Park Service had stated that it expects its National Mall Plan to be complete by January 2009. A Draft National Mall Plan is expected to be published by the summer of 2008 at which time there will only be two months for public review and comment.

Yet, even at this late date and with the window for public involvement rapidly closing, the NPS has chosen to <u>not</u> initiate direct contact with persons and groups who will be apparently affected (along with millions of others) by the new restrictions - - as can be discerned based upon prior usage of the National Mall for protest or First Amendment protected activities.

8. The information requested is simple, public information easily secured from permit issuances.

9. The information requested is necessary to fully inform this notice and comment process and is required to be received on an expedited basis to be meaningful. The value will be lost if the information is not disclosed quickly allowing for notification of the process to identified organizations and groups and for active participation *by the public*. This is not a process that is to involve merely invited participants selected by the National Park Service or lawmakers. It is the most public of all public space.

### Plaintiff's FOIA Request, Request for Expedited Processing and Request for a Fee Waiver

10. On January 30, 2008, plaintiff sent two letters to the designated FOIA officers of the National Park Service and the Department of the Interior requesting under the FOIA, agency records identifying publicly available contact information for persons or entities "who have obtained permits for the use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date" in the possession of the agency.

11. The ANSWER Coalition further explained that it was seeking information "that is made publicly available through the filing of a public permit application." The FOIA request

4

also suggested that should the information be recorded or accessible electronically, the simplest and most cost effective manner of disclosure would simply be the production of the requested data in electronic format. The plaintiff wrote, "If this information is maintained in computer files then we are requesting that it be produced in a standard excel spreadsheet format. We are also amenable to communicating with the agency's technicians should another format be preferable. If the information is maintained solely on permit applications then the requestor is seeking copies of those applications."

12. By letter dated January 31, 2008, the FOIA Officer for the NPS advised that the request was being forwarded to the National Capitol Regional.

13. By letter dated February 1, 2008, the DOI Office of the Secretary FOIA Officer advised that the "National Park Service will be responding to your request on behalf of the Department of the Interior, and will be making any and all determinations regarding your requests for a fee waiver and expedited processing."

14. By letter dated February 13, 2008, the NPS National Capitol Region Deputy Regional Director wrote that plaintiff's request for a fee waiver was denied, and further that "[i]n making this decision, Jason Waanders, Attorney-Advisor, Office of the Solicitor, was consulted."

15. The February 13, 2008 letter represented that it would impose significant financial costs for access to the requested information. "[W]e estimate the processing fees for this FOIA request to be $1,829.94. This figure was arrived at by calculating 31 total hours of search time, performed by two employees, with each employee at a different pay grade and thus a different rate charged for the search....This figure also includes photocopying charges of $532.74..." No explanation was provided as to how the number of search hours or the

number of photocopies was calculated. No response was provided to plaintiff's request as to whether such information was stored electronically and if so the request to receive such information in electronic or spreadsheet format. The NPS stated that it would not begin processing the request "until the fee issue has been resolved."

16. The February 13, 2008 letter cryptically warned that the information requested may involve exempt information based on privacy assertions and such would encompass information that would "likely be withheld," and that "We do not refund fees when exempt information is withheld." No further explanation or identification of what type of information was to be withheld was given, even though the nature of the information requested was plain and apparent.

17. The letter then stated, "We ask that you respond within 20 workdays of the date of this letter. If we do not hear from you within 20 workdays, then we will assume that you are no longer interested in this matter and will close the file on your request."

18. The February 13, 2008 letter from the NPS also stated that plaintiff's request for expedited processing was denied. The letter further stated that plaintiff could appeal the denial of expedited processing within 30 workdays. The letter did not mention appeal of the fee waiver denial.

19. On March 12, 2008, plaintiff's counsel timely wrote to the Deputy Regional Director for the NPS National Capital Region in response to the February 13 letter expressly requesting that the NPS not close the file of its own initiative, as it had previously stated it would.

20. The March 12 letter requested clarification "in order to achieve the least burden possible upon you and to avoid costs to our client." The letter requested that NPS advise in what

format or system the information requested is maintained, as it appears from public records maintenance disclosures that the information is stored by electronic record or database. In such case, the ANSWER Coalition submitted the information "could be recovered in far less time than you have projected." The letter reiterated plaintiff's original offer to consult with technical personnel to determine the best format for production of the data, to which NPS had not previously responded.

21. The March 12 letter asked for further clarification as to what searching would be necessary to satisfy the FOIA request, as the search charge appeared excessive and the explanation unclear. The letter also stated that "If the very high search fee is, in part, due to the fact that the requested data is within a larger data set…there may be ways to reduce the searching process…" including receiving the larger data set and having plaintiff undertake any narrowing review.

22. The March 12 letter asked for clarification as to what information NPS intends to redact, as it declined to identify what categories of information would be withheld while simultaneously demanding fees and stating that fees would not be refunded when information was withheld.

23. Plaintiff noted that the information requested is that which the NPS routinely makes publicly available.

24. The March 12 letter also stated that it intended to appeal the NPS determinations, but that "now and during the pendency of such appeals we are available by telephone, for an in-person meeting, or of course by correspondence in order to facilitate your agency's provision of the requested data with the least amount of burden."

25. The NPS has fully refused to respond to the inquiries made by plaintiff in response to NPS's denial of a fee waiver, to plaintiff's efforts to work together to resolve outstanding issues, or to respond whatsoever to plaintiff's March 12 letter regarding these matters.

26. By letter dated March 26, 2008, plaintiff timely filed an appeal with the FOIA Appeal Officer of the DOI challenging the NPS's denial for expedited processing and denial of a fee waiver.

27. The DOI and NPS have failed and refused to respond to plaintiff's appeal letter of March 26, 2008. Such response was due April 28, 2008. The DOI has failed to meet the twenty (20) day time limit FOIA imposes for responding to an appeal. See 5 U.S.C. § 552(a)(6)(A)(ii).

28. To date, the NPS and DOI have refused to respond to plaintiff's inquiries and efforts to facilitate production of the information or to plaintiff's requests for clarification regarding the agencies' determinations.

## CAUSE OF ACTION

### Claim One

**(Violations of the Freedom of Information Act)**

29. Plaintiff repeats and realleges paragraphs 1 – 28.

30. The Department of the Interior and its component National Park Service have wrongfully withheld agency records requested by plaintiff, thereby violating plaintiff's rights to this information under the Freedom of Information Act.

31. Defendant has failed to timely respond to plaintiffs' March 26, 2008 administrative appeal, and so violated FOIA's response deadline.

32. Defendant improperly denied plaintiff's January 30, 2008 requests for a fee waiver, and thus violated the fee waiver provision of the FOIA.

33. Defendant improperly denied plaintiff's January 30, 2008 request for expedited processing, and thus violated the expedited processing provision of the FOIA.

34. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOI's wrongful withholding of the requested records.

35. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents and to a fee waiver.

## Claim Two

### (Administrative Procedures Act)

36. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

37. Plaintiff is entitled to judicial review, pursuant to the Administrative Procedures Act, of defendant's actions concerning its unlawful policies and practices regarding plaintiff's request for records under the FOIA.

38. Plaintiff is entitled to judicial review, pursuant to the Administrative Procedures Act, of defendant's failure to respond to plaintiff's March 26, 2007 administrative appeal during the time frame established by the FOIA.

39. Defendant has unlawfully withheld and/or unreasonably delayed agency action by failing to comply with the mandates of FOIA regarding plaintiff's FOIA request and appeal.

40. Defendant's actions regarding plaintiff's FOIA request and appeal are arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays that this Court:

A. Order defendant DOI and its component NPS to process immediately the requested records in their entirety;

B. Order defendant DOI and its component NPS, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. Order defendant DOI and its component NPS to waive the charging of fees to plaintiff for processing and copying of the requested records;

D. Provide for expeditious proceedings in this action;

E. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

May 20, 2008                                              Respectfully submitted,

_____
Mara Verheyden-Hilliard [450031]
PARTNERSHIP FOR CIVIL JUSTICE
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180
(202) 350-9557 fax

_____
Carl Messineo [450033]
PARTNERSHIP FOR CIVIL JUSTICE
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180
(202) 350-9557 fax

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| A.N.S.W.E.R. Coalition | United States Department of the Interior |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Partnership for Civil Justice<br>617 Florida Avenue, NW<br>Washington, DC 20001 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. Section 552: Wrongful withholding of documents and improper denial fo fee waiver and expedited processing under the federal FOIA.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE May 20, 2008     SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.