**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| ANSWER COALITION | ) |
| 1247 E Street SE | ) |
| Washington, D.C. 20037 | )    Civil Action No. 08-00870 (PLF) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
| INTERIOR | ) |
| 1849 C Street, N.W. | ) |
| Washington DC 20240 | ) |
| | ) |
| Defendant | ) |

_____ )

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. Pro 65, plaintiff ANSWER Coalition respectfully moves for entry of a preliminary injunction to enjoin defendant Department of the Interior's unlawful attempts to impede plaintiff's ability to obtain agency records identifying publicly available contact information for persons or entities who have obtained permits for the use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity. Plaintiff seeks an order requiring defendant and its component, the National Park Service, to immediately process plaintiff's Freedom of Information Act request and disclose the requested records within 10 days of the court's order.

The grounds for this motion are set forth in the accompanying memorandum of points and authorities. Plaintiff asks that the Court, pursuant to Local Rule 65.1(d), schedule a hearing on this application for a preliminary injunction at the Court's earliest convenience.

June 11, 2008                          Respectfully submitted,

                                       _/s/_____
                                       Carl Messineo [450033]
                                       Mara Verheyden-Hilliard [450031]
                                       PARTNERSHIP FOR CIVIL JUSTICE
                                       617 Florida Avenue, NW
                                       Washington, D.C. 20001
                                       (202) 232-1180
                                       (202) 350-9557 fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2008, copies of Plaintiff's Motion for A Preliminary Injunction and Memorandum in Support of Plaintiff's Motion for A Preliminary Injunction were e-filed and hand delivered along with copies of the Summons and Complaint in this case to the following:


Dirk Kempthorne, in his official capacity as
Secretary of the Interior
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

Office of the United States Attorney
Civil Process Clerk
555 4th Street, NW
Washington, DC 20530

Michael B. Mukasey, in his official capacity as
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530


                                       __/s/_____
                                       Carl Messineo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| ANSWER COALITION | ) |
| 1247 E Street SE | ) |
| Washington, D.C. 20037 | )       Civil Action No. 08-00870 (PLF) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | ) |
|   INTERIOR | ) |
| 1849 C Street, N.W. | ) |
| Washington DC 20240 | ) |
| | ) |
| Defendant | ) |

_____ )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff ANSWER Coalition ("ANSWER") respectfully submits this memorandum of points and authorities in support of its motion for a preliminary injunction.

### Preliminary Statement

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the expedited processing and release of agency records concerning public contact information for persons or entities who have obtained permits for the use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity. Defendant Department of the Interior ("DOI") and its component, the National Park Service ("NPS") have refused expedited processing and the fee waiver requested by plaintiff and have failed and refused to respond to subsequent inquiry by plaintiff regarding the FOIA request, including failing and refusing to respond to plaintiff's timely appeal.

As we demonstrate below, defendant's refusal to grant expedited processing, and failure to respond to ANSWER's timely appeal clearly violates the law. Because time is of the essence

of ANSWER's rights and the agency's obligations, and because the information at issue

concerns a matter of substantial and uncontested public interest, ANSWER seeks the Court's

expedited consideration of this matter and entry of an order compelling the National Park Service

to immediately process ANSWER's request and disclose the requested records within 10 days of

the issuance of the Court's order.

**<u>Statement of Facts</u>**

A. **<u>The National Mall Plan</u>**

The National Park Service has announced plans to assess and implement "choices for the

future of the National Mall," which include significant restrictions on and obstructions to First

Amendment activities on the National Mall.  In a public meeting held on January 12, 2008 in

Washington, D.C. NPS representatives present acknowledged that no effort had been made to

inform those persons and entities who had sought or obtained permits for use of the Mall for

First Amendment activities of these significant proposed changes and the new restrictions under

consideration.

In response to concerns about this lack of public outreach, the NPS representatives stated

that others, outside of the NPS, should endeavor to reach out to engage such interested parties.

Independently as part of its own mission, as well as consistent with the NPS' stated urging, the

ANSWER Coalition sought disclosure of the names, addresses and contact information for

persons/groups who have publicly been issued permits for use of the National Mall for

demonstrations and First Amendment activities, information which is solely in the possession of

the NPS and DOI.  The information is sought in order to bring knowledge to the public, and

particularly to recent users of the Mall for free speech activities, of current government

operations and the opportunity for public participation in the upcoming notice and comment period.

The National Park Service had stated that it expects its National Mall Plan to be complete by January 2009. A Draft National Mall Plan is expected to be published by the summer of 2008 at which time there will only be two months for public review and comment. Yet, even at this late date and with the window for public involvement rapidly closing, the NPS has chosen to <u>not</u> initiate direct contact with persons and groups who will be apparently affected (along with millions of others) by the new restrictions - - as can be discerned based upon prior usage of the National Mall for protest or First Amendment protected activities.

The information requested is necessary to fully inform this notice and comment process and must be received on an expedited basis to be meaningful. The value of this information will be lost if the information is not disclosed quickly allowing for notification of the process to identified organizations and groups and for active participation by the public.

**B. <u>Plaintiff's FOIA Request, Request for Expedited Processing and Request for a Fee Waiver</u>**

On January 30, 2008, plaintiff sent two letters to the National Park Service and the Department of the Interior requesting under the FOIA, agency records identifying public contact information for persons or entities "who have obtained permits for the use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date" in the possession of the agency. Exhibit 1, letter from Mara Verheyden-Hilliard to Miriam Brown Lam, Department of the Interior dated January 30, 2008; Exhibit 2, letter from Mara Verheyden-Hilliard to Diane Cooke, National Park Service dated January 30, 2008. This is information that is on the face of permit application materials,

which are public, and permit issuances, which are public, and which are electronically

catalogued as an essential public function.

 The ANSWER Coalition further explained that it was seeking information "that is made

publicly available through the filing of a public permit application." The FOIA request also

suggested that should the information be recorded or accessible electronically, the simplest and

most cost effective manner of disclosure would simply be the production of the requested data in

electronic format. The plaintiff wrote, "If this information is maintained in computer files then

we are requesting that it be produced in a standard excel spreadsheet format. We are also

amenable to communicating with the agency's technicians should another format be preferable.

If the information is maintained solely on permit applications then the requestor is seeking copies

of those applications." Exhibit 1; Exhibit 2.

 By letter dated January 31, 2008, the FOIA Officer for the NPS advised that the request

was being forwarded to the National Capital Regional office. Exhibit 3, letter from Diane Cooke

to Mara Verheyden-Hilliard dated January 31, 2008. By letter dated February 1, 2008, the DOI

Office of the Secretary FOIA Officer advised that the "National Park Service will be responding

to your request on behalf of the Department of the  Interior, and will be making any and all

determinations regarding your requests for a fee waiver and expedited processing." Exhibit 4,

letter from Sue Ellen Sloca to Mara Verheyden-Hilliard dated February 1, 2008.

 In a letter dated February 13, 2008, the NPS National Capital Region Deputy Regional

Director wrote that plaintiff's request for a fee waiver was denied, and further that "[i]n making

this decision, Jason Waanders, Attorney-Advisor, Office of the Solicitor, was consulted."

Exhibit 5, letter from Lisa A. Mendelson-Ielmini to Mara Verheyden-Hilliard dated February 13,

2008.

The February 13, 2008 letter represented that it would impose significant financial costs for access to the requested information.  "[W]e estimate the processing fees for this FOIA request to be $1,829.94.  This figure was arrived at by calculating 31 total hours of search time, performed by two employees, with each employee at a different pay grade and thus a different rate charged for the search….This figure also includes photocopying charges of $532.74…"  Id. No explanation was provided as to how the number of search hours or the number of photocopies was calculated.  No response was provided to plaintiff's request as to whether such information was stored electronically and if so the request to receive such information in electronic or spreadsheet format.  Id.  The NPS stated that it would not begin processing the request "until the fee issue has been resolved."  Id.

NPS's February 13, 2008 letter cryptically warned that the information requested may involve exempt information based on privacy assertions and such would encompass information that would "likely be withheld," and that "We do not refund fees when exempt information is withheld."  Id.  No further explanation or identification of what type of information was to be withheld was given, even though the nature of the information requested was plain and apparent. Id.

The letter then stated, "We ask that you respond within 20 workdays of the date of this letter.  If we do not hear from you within 20 workdays, then we will assume that you are no longer interested in this matter and will close the file on your request."  Id.

The February 13, 2008 letter from the NPS also stated that plaintiff's request for expedited processing was denied.  The letter further stated that plaintiff could appeal the denial of expedited processing within 30 workdays.  Id.

5

On March 12, 2008, plaintiff's counsel timely wrote to the Deputy Regional Director for the NPS National Capital Region in response to the February 13 letter expressly requesting that the NPS not close the file of its own initiative, as it had previously stated it would.  Exhibit 6, letter from Mara Verheyden-Hilliard to Lisa A. Mendelson-Ielmini dated March 12, 2008.

The March 12 letter requested clarification "in order to achieve the least burden possible upon you and to avoid costs to our client."  Id.  The letter requested that NPS advise in what format or system the information requested is maintained, as it appears from public records maintenance disclosures that the information is stored by electronic record or database.  In such case, the ANSWER Coalition submitted the information "could be recovered in far less time than you have projected."  The letter reiterated plaintiff's original offer to consult with technical personnel to determine the best format for production of the data, to which NPS had not previously responded.  Id.

In its letter, ANSWER asked for further clarification as to what searching would be necessary to satisfy the FOIA request, as the search charge appeared excessive and the explanation unclear.  The letter also stated that "If the very high search fee is, in part, due to the fact that the requested data is within a larger data set…there may be ways to reduce the searching process…" including receiving the larger data set and having plaintiff undertake any narrowing review.  Id.

The March 12 letter stated that ANSWER intended to appeal the NPS determinations, but that "now and during the pendency of such appeals we are available by telephone, for an in-person meeting, or of course by correspondence in order to facilitate your agency's provision of the requested data with the least amount of burden."  Id.

The NPS has fully refused to respond to the inquiries made by plaintiff in response to NPS's denial of a fee waiver, to plaintiff's efforts to work together to resolve outstanding issues, or to respond whatsoever to plaintiff's March 12 letter regarding these matters.

**C.  Plaintiff's Appeal of NPS' Determinations**

By letter dated March 26, 2008, plaintiff timely filed an appeal with the FOIA Appeal Officer of the DOI challenging the NPS's denial for expedited processing and denial of a fee waiver.  Exhibit 7, letter from Mara Verheyden-Hilliard to Freedom of Information Act Appeals Officer, Department of the Interior dated March 26, 2008.

In its appeal, ANSWER explained the significant urgency to inform the public of Federal Government activity and the need for the requested information to be able to so inform these groups and users of the National Mall of NPS's plans for this public space.  Id.  ANSWER further explained that the particular value of the information requested would be lost if ANSWER was not able to contact these individuals and groups quickly.  Id.

ANSWER also explained in detail its status as a group primarily engaged in the dissemination of information and its experience and success in communicating with groups and individuals like the organizations and people who have used the National Mall for free speech activities.  Id.

The DOI and NPS have failed and refused to respond to plaintiff's appeal letter of March 26, 2008.  Such response was due April 28, 2008.  The DOI has failed to meet the twenty (20) day time limit FOIA imposes for responding to an appeal.  See 5 U.S.C. § 552(a)(6)(A)(ii).

To date, the NPS and DOI have refused to respond to plaintiff's inquiries and efforts to facilitate production of the information or to plaintiff's requests for clarification regarding the agencies' determinations.

## Argument

Defendant and its component, the National Park Service, have wrongfully withheld agency records requested by plaintiff. After wrongfully denying ANSWER's requests for a fee waiver and expedited processing of its request, NPS has completely failed to respond to plaintiff's March 26, 2008 administrative appeal, in violation of the FOIA's deadline for responding to administrative appeals. 5 U.S.C. § 552(a)(6)(A)(ii).

## I. The Court Has Jurisdiction to Grant the Requested Relief

The Court's jurisdiction to consider this matter and grant appropriate relief is clear. Under the FOIA, NPS was required to respond to ANSWER's timely appeal within 20 working days. 5 U.S.C. § 552(a)(6)(A)(ii). NPS has failed to respond within this time limit.

The FOIA provides, in pertinent part:

> On complaint, the district court of the United States… in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo…

5 U.S.C. § 552(a)(4)(B).

The FOIA further provides that

> Any person making a request to any agency for records… shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(a)(6)(C)(i).

NPS has failed to respond to ANSWER's administrative appeal within the 20 workday time limit. Accordingly, ANSWER has exhausted its administrative remedies and this Court has jurisdiction under the FOIA to consider and grant the relief requested.

## II.  **Plaintiff is Entitled to Entry of a Preliminary Injunction**

In considering ANSWER's  request for the entry of a preliminary injunction compelling defendant DOI and the NPS to process ANSWER's FOIA request and disclose responsive records, the court must assess four factors: 1) likelihood of success on the merits; 2) irreparable injury to the plaintiff; 3) burden on others' interests; and 4) the public interest. See Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995)); see also Bancoult v. McNamara, 227 F. Supp. 2d 144, 150 (D.D.C. 2002).

Consideration of these factors in this case clearly establishes ANSWER's entitlement to injunctive relief.

### A.  **ANSWER is Likely to Prevail on the Merits**

ANSWER is clearly entitled to expedited processing of the information requested.  DOI's regulations provide in pertinent part:

> When requested, a bureau will provide expedited processing if…the request involves… an urgency to inform the public about an actual or alleged Federal Government activity… [t]he requested information must be the type of information which has particular value that will be lost if not disseminated quickly…

43 C.F.R. § 2.14(a)(2).

ANSWER's FOIA requests exactly the type of information whose particular value will be lost if not disclosed quickly, and there is an urgency to inform the public about actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital.  Moreover, ANSWER is primarily engaged in the dissemination of information and has experience in communicating with groups and individuals who have used the National Mall for free speech activities.

1.  **The Urgent Need to Inform the Public to Enable Participation in the Implementation of the National Mall Plan**

The National Park Service has announced its intention to create a new "National Mall Plan." It recently held "Alternatives Discussion Meetings" for its "National Mall Plan." NPS is considering three action alternatives for "preserving, improving, and maintaining the National Mall." A Draft National Mall Plan/Environmental Impact Statement is expected to be published by Summer 2008, at which point there will be two months for public review and comment (see Office of Communications News Release dated December 11, 2007). The information requested is necessary to fully inform this notice and comment period, which, much like an election, offers a chance for the public to express its views and to participate in the development of government policies.

The NPS claimed 3,000 permittees used the National Mall annually for assembly activities. Since this FOIA request was filed, the NPS has publicly stated that approximately 1,500 of those permittees have been engaged in First Amendment activities. Yet, the NPS has made no effort whatsoever to contact those persons/entities to advise them of this new redevelopment of the National Mall or gather their input. As stated in the initial FOIA request: "The National Park Service has announced plans to assess and implement 'choices for the future of the National Mall.'" (www.nps.gov/nationalmallplan). In a public meeting held on January 12, 2008 in Washington, D.C. the NPS representatives acknowledged that no effort had been made to inform those persons and entities who had sought or obtained permits for use of the Mall for First Amendment activities of those proposed changes. The representatives further stated that others, outside of the NPS, should endeavor to reach out to engage interested parties in the proposed changes.

One representative of the NPS's proposed plan stated at the January 12, 2008 public forum that her effort at outreach for the event consisted of sending an email to the Washington DC Board of Trade internal email list.   This is woefully inadequate.

The information concerns a matter of exigency to the American public because this is a matter of current national debate.[1]  The names, addresses, and phone number of organizations and persons who have obtained permits for the use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, is urgently needed to inform these groups and individuals concerning actual government activity affecting the rights of people to engage in First Amendment activities.  All the requested information is provided on a form that the NPS requires from permit applicants and is information that the NPS readily possesses.  It is believed that the information is also possessed in electronic form.

The consequences of delaying a response would compromise a significant recognized interest because any delay in processing this request would deprive the public of its ability to make its views known in a timely fashion including participation in the upcoming notice and comment period and through contact with public officials.  See Washington Post v. Dept. of Homeland Security, No. 06-1737 (RMU), slip op. at 22 (D.D.C. Oct. 19, 2006) (order granting preliminary injunction) (finding urgency on a matter of current national debate because of an impending election); see also Electronic Privacy Information Center v. Department of Justice,

---

[1]    The House of Representatives Subcommittee on National Parks, Forests and Public Lands held an oversight hearing on the "Future of the National Mall" on May 20, 2008, at which the effects of the National Mall Plan on free speech was a point of testimony and discussion.

The issue of free speech as affected by the National Mall Plan has also been a topic in the news media.  Examples of news media articles include, Michael E. Ruane, *"The Battle to Remold the Mall; Preservation Proposals Spark Debate Over Limits on Free Speech,"* Washington Post, January 20, 2008; Scott Thill, *"National Mall Redesign Could Seriously Restrict Free Speech,"* AlterNet, February 27, 2008.

No. 06-00096 (HHK), slip op. at 16 (D.D.C. February 16, 2006) (plaintiff demonstrated the risk of irreparable injury in a case seeking expedited processing when President Bush had "invited meaningful debate about the warrantless surveillance program"); see also Leadership Conference on Civil Rights v. Gonzales, No. 04-1664 (RCL), slip op. at 19 (D.D.C. December 9, 2005) (plaintiff was entitled to expedite processing where it was primarily engaged in disseminating information…"to educate the public, promote effective civil rights laws, and ensure their enforcement by the Department of Justice" and there was an urgency due to the "upcoming expiration of the special provisions of the Voting Rights Act in 2007").  Finally, the request concerns federal government activity, namely changes implemented by NPS to the National Mall.

On its designated website, NPS has recently acknowledged that it "received a number of questions related to First Amendment demonstrations on the Mall" during the most recent comment period (see http://www.nps.gov/nationalmallplan/).

While NPS continues to insist that "nothing has been adopted, finalized or set in stone,"[2] the public must be able to fully participate in the upcoming notice and comment period to have any tangible input in the proposal that is adopted, finalized and set in stone.  Clearly, the public is interested in these issues and a greater number of groups and individuals must be informed of this planning process.

Those who have used the National Mall for free speech activities certainly have a significant interest and contribution to make and have the ability as well to alert their members and constituencies who have participated in First Amendment protected assemblies.

---

[2] Scott Thill, *"National Mall Redesign Could Seriously Restrict Free Speech,"* AlterNet, February 27, 2008.

The particular value of the requested information lies in fully informing the public in time to allow participation in the notice and comment period.  This value will be lost if the requested information is not disclosed quickly, allowing for notification of the process to identified organizations and groups.  The consequences of delaying a response would deprive the public of its ability to make its views known in a timely fashion, including through the notice and comment process and other contacts with public officials.

2.  **The ANSWER Coalition is Primarily Engaged is the Dissemination of Information**

The ANSWER Coalition was expressly formed for the purpose of, and is primarily engaged in, informing the public concerning actual or alleged government activity, specifically that which is related to war policies, civil rights and racism, and mobilizing collective democratic action in response.  A primary activity of ANSWER is the dissemination and publication of such information about actual or alleged government activities through leaflets, literature, articles and other communications, using in-person distribution including, but not limited to, at mass demonstrations and public assemblies as well as at conferences and meetings; through the ANSWER web site; and through mass e-mail communications.  ANSWER is experienced and successful in communicating with groups and individuals like the organizations and people who have used the National Mall for free speech activities

ANSWER has affiliated individuals and organizations in every state in the United States and has successfully utilized the methods described above to disseminate information to the public in the past, as evidenced by the recent September 15, 2007 national demonstration and mobilization organized by ANSWER, in which over 100,000 persons are estimated to have attended a rally and march in Washington, DC.

ANSWER seeks to alert persons and entities who have obtained permits for Free Speech activities on the National Mall to the NPS's proposed National Mall Plan and encourage public input and participation.  This information is currently only in the possession of the National Park Service which is refusing to release it in a timely manner while simultaneously refusing to alert these persons/entities to its plans.

Because there is an urgency to inform the public of actual Federal Government activity concerning the National Mall and allow participation in the upcoming notice and comment period, and because ANSWER is primarily engaged in the dissemination of information and has experience and success communicating with groups and individuals who use the National Mall for free speech activities, ANSWER is likely to prevail on the merits of this action.

**B.  ANSWER Will Suffer Irreparable Injury in the Absence of the Requested Injunctive Relief**

Unless defendant's unlawful failure to expeditiously comply with ANSWER's FOIA request is immediately enjoined, ANSWER will suffer irreparable harm.  The very nature of the right that plaintiff seeks to vindicate – expedited processing – depends on timeliness.  The courts have recognized that the requisite injury is present, and preliminary injunctive relief is appropriate, in cases where "time is of the essence." *See, e.g.*, *United States v. BNS, Inc.*, 858 F.2d 456, 465 (9th Cir. 1988); *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982).  Under the statutory scheme Congress established in the FOIA, it is clear that "time is of the essence" here and that any further delay in the processing of plaintiff's request will cause irreparable injury.

Unless NPS is ordered to process ANSWER's request immediately, ANSWER's right to expedition under the FOIA will be irretrievably lost.

In addition to the loss of its statutory right to expedited processing, any further delay in the processing of ANSWER's FOIA request will irreparably harm its ability to obtain in timely fashion information enabling it to inform the public in time to enable participation in the upcoming notice and comment period on the National Mall Plan.

The public oversight mechanism provided by the FOIA is central to open and democratic debate on policy issues such as those raised in the National Mall Plan alternatives and their notice and comment periods.

As the Supreme Court has observed, the Act is "a means for citizens to know 'what the Government is up to.' This phrase should not be dismissed as a convenient formalism. *It defines a structural necessity in a real democracy*." Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 171-172 (2004) (emphasis added; citation omitted).

It is clear that the information ANSWER seeks, if it is to inform and enable public debate, must be disclosed expeditiously. There is an urgency to use this information to inform identified groups and individuals and the public of NPS plans for the National Mall.

Because time is of the essence in this matter, ANSWER will be irreparably harmed unless the Court acts now, "when it [is] still possible to grant effective relief," and before "all opportunity to grant the requested relief [is] foreclosed." Local Lodge No. 1266, Int'l Ass'n of Machinists and Aerospace Workers v. Panoramic Corp., 668 F.2d 276, 290 (7th Cir. 1981). As this Court noted,

> [t]he 1996 amendments to FOIA creating the statutory right to expedition in certain cases "underlined Congress' recognition of the value in hastening release of certain information." As [plaintiff] correctly notes, "the loss of that 'value' constitutes a cognizable harm." As time is necessarily of the essence in cases like this, such harm will likely be irreparable.

*Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 40-41 (D.D.C. 2006) (citations omitted) (granting preliminary injunction).

### C.  Injunctive Relief Will Not Burden the Interests of Others

Defendant DOI and the NPS will not be burdened by a requirement that they comply with the law.  The immediate relief that ANSWER seeks requires nothing more of the government than what the law already mandates – the expedited processing of ANSWER's FOIA request.

Nor will the requested relief burden the interests of other parties who have submitted FOIA requests to the National Park Service in any manner beyond that foreseen by Congress.

In providing for expedited processing of requests, Congress intended that qualifying requests take precedence over those that do not qualify for expedition.  Acting in accordance with this legislative intent is not a burden on any party's interests.

### D.  The Public Interest Favors the Requested Relief

Finally, immediate disclosure of the information requested is in the public interest.

"There is an overriding public interest . . . in the general importance of an agency's faithful adherence to its statutory mandate."  Jacksonville Port Authority v. Adams, 556 F.2d 52, 59 (D.C. Cir. 1977).  Furthermore, an "agency is required to follow its own regulations." Cherokee National of Okla. v. Babbitt, 117 F.3d 1489, 1499 (D.C. Cir. 1997)).  ANSWER is simply seeking such adherence.

Moreover, the public interest will also be served by the expedited release of the requested records, which will further the FOIA's core purpose of "shedding light on an agency's performance of its statutory duties."  Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989).  As this Court has noted, "[t]here is public benefit in the release of information that adds to citizens' knowledge" of government activities.  Ctr. to Prevent Handgun Violence v. Dep't of the Treasury, 49 F. Supp. 2d 3, 5 (D.D.C. 1999).

The National Mall is used by persons and groups who come to Washington, D.C. who are geographically diverse, who hail from all parts of the nation. Across the nation in towns large and small are persons and groups (who in turn can reach their constituencies) who have used the mall in recent years for free expression. Many may have Internet access, many may not. Passively putting up a wage page about the DOI's intended and/or considered restrictions on free speech, followed up by active outreach to the Board of Trade, is not calculated to add to the knowledge of those who are known to have used the Mall for free speech activities. The release of the requested information, which will result in the provision of additional government-issued and non-governmental organization-issued information about the Mall plans and restrictions to these persons, will increase knowledge of this government's operation.

Despite their protestations to the contrary, the DOI and the NPS's own created documents evidence an intent and specific plans crafting new and radical restrictions upon free speech on the Mall. It is no small surprise that, despite their feigned overtures calling upon public participation in this important process, these agencies resist disclosing the public contact information of those to whom demonstration permits have issued in recent years.

Release of the information requested will allow ANSWER to inform the public and those identified groups and individuals who utilize the National Mall for free speech activities of NPS activities in planning for the National Mall and, significantly, the upcoming notice and comment period. It will inform such persons and groups, and encourage each to do the same with their constituencies, about the NPS's plans and the opportunity for public comment. It is plainly in the public interest for there to be such disclosure and engagement. The information requested pursuant to the instant Freedom of Information Request is so basic that the refusal to provide it, and the refusal to respond to plaintiffs' inquiries about the unnecessary and punitive costs of

17

disclosure, as well as the stated intention to censor portions of the information sought, is clearly arbitrary and in violation of the agency obligations under the FOIA.

The public interest favors the issuance of an order directing defendant DOI and the NPS to immediately process and release the requested information.

### III. The Court Should Order the NPS to Process ANSWER's FOIA Request Immediately

Under DOI regulations "ordinarily, a bureau has 20 workdays from the date of receipt to determine whether to grant or deny [a] request, 43 C.F.R. § 2.12, but "[i]f expedited processing is granted, the bureau will give priority to that FOIA request and process the request as soon as practicable." 43 C.F.R. § 2.14(d).

Application of these requirements should not be unduly burdensome nor result in further delay. Recognizing the substantial public interest in the records at issue here, and in light of the fact that the NPS received ANSWER's FOIA request five months ago, the Court should direct the agency to immediately process ANSWER's request, and produce all responsive records within 10 days of the issuance of the order ANSWER seeks.[3]

### Conclusion

For the foregoing reasons ANSWER's motion for a preliminary injunction should be granted. ANSWER asks that the Court, pursuant to Local Rule 65.1(d), schedule a hearing on this motion at the Court's earliest convenience.

---

[3] Judicial resolution of the Post's request for preliminary relief will not resolve all issues raised in the complaint. Once FOIA processing is completed, the Court would retain jurisdiction to review the denial of ANSWER's request for a waiver of fees, and the completeness and propriety of the agency's substantive determination of ANSWER's FOIA request. See Open America v. Watergate Special Prosecution Force, 547 F. 2d 605 (D.C. Cir. 1976).

June 11, 2008

Respectfully submitted,

_/s/_____
Carl Messineo [450033]
Mara Verheyden-Hilliard [450031]
PARTNERSHIP FOR CIVIL JUSTICE
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180
(202) 350-9557 fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2008, copies of Plaintiff's Motion for A Preliminary Injunction and Memorandum in Support of Plaintiff's Motion for A Preliminary Injunction were e-filed and hand delivered along with copies of the Summons and Complaint in this case to the following:


Dirk Kempthorne, in his official capacity as
Secretary of the Interior
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

Office of the United States Attorney
Civil Process Clerk
555 4th Street, NW
Washington, DC 20530

Michael B. Mukasey, in his official capacity as
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530


___/s/_____
Carl Messineo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ANSWER COALITION                              )
1247 E Street SE                              )
Washington, D.C. 20037                        )          Civil Action No. 08-00870 (PLF)
                                              )
       Plaintiff,                        )
v.                                            )
                                              )
UNITED STATES DEPARTMENT OF THE               )
  INTERIOR                                    )
1849 C Street, N.W.                           )
Washington DC 20240                           )
                                              )
       Defendant                         )
_____ )


## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for A Preliminary Injunction, it is hereby this

_____ day of _____, 2008

      ORDERED that the motion is GRANTED; and it is further

      ORDERED that defendant and its component, the National Park Service immediately

process plaintiff's Freedom of Information Act request and disclose the requested records within

10 days of the court's order.


                              _____
                              PAUL L. FRIEDMAN
                              United States District Judge

Law Offices

PARTNERSHIP FOR CIVIL JUSTICE, INC.

617 FLORIDA AVENUE, NW

WASHINGTON, D.C. 20001

CO-FOUNDERS:
CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 232-1180

January 30, 2008

Miriam Brown-Lam
Acting Departmental Privacy Officer
MS-5312, MB
1849 C Street, NW
Washington, DC 20240

*Sent via certified mail and facsimile*

**Re:    Freedom of Information Act Request**

Dear Ms. Brown-Lam:

We are writing on behalf of the A.N.S.W.E.R. Coalition to make the following request under the Freedom of Information Act, 5 U.S.C. Sec. 552.

Please provide the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the Department of the Interior.

This request is designed to encompass but is not limited to a list of all such information that is made publicly available through the filing of a public permit application. If this information is maintained in computer files then we are requesting that it be produced in a standard excel spreadsheet format. We are also amenable to communicating with the agency's technicians should another format be preferable. If the information is maintained solely on permit applications then the requestor is seeking copies of those applications.

The National Park Service has announced plans to assess and implement "choices for the future of the National Mall." (www.nps.gov/nationalmallplan) In a public meeting held on January 12, 2008 in Washington, D.C. the NPS representatives acknowledged that no effort had been made to inform those persons and entities who had sought or obtained permits for use of the Mall for First Amendment activities of those proposed changes. The representatives further stated that others, outside of the NPS, should endeavor to reach out to engage interested parties

in the proposed changes. We are requesting that the information be provided without the charging of fees and on an expedited basis.

The ANSWER Coalition has organized the largest anti-war demonstrations in Washington, D.C. since the Vietnam War, including a protest of 500,000 on the National Mall in January 2003 which through its significant outreach capacities and efforts brought people from across the country.

**Request for Fee Waiver**

The disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

The information requested herein is not intended to be used for commercial purposes, but for dissemination to the public and for public education, specifically to inform the public about the U.S. government's proposed changes to access to and use of the country's National Mall.

**Request for Expedited Processing**

The requester is primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital. This need for expedited processing is true and correct to the best of our knowledge and belief.

**In the Event of Denial**

If this request is denied in whole or in part, please provide the basis for each such denial or deletion by reference to the specific exemption of the Act which you assert is applicable.

**Request for All Portions of Material for Which No Exemption to Production is Claimed**

Please provide all segregable portions of otherwise exempt material.

We reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

Sincerely,

Mara Verheyden-Hilliard

LAW OFFICES

PARTNERSHIP FOR CIVIL JUSTICE, INC.

617 FLORIDA AVENUE, NW

WASHINGTON, D.C. 20001

CO-FOUNDERS:
CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 232-1180

January 30, 2008

Diane Cooke
(ORG CODE 2550)
Office of the Chief Information Officer (OCIO)
1849 C Street, NW

*Sent via certified mail and facsimile*

**Re:    Freedom of Information Act Request**

Dear Ms. Cooke:

We are writing on behalf of the A.N.S.W.E.R. Coalition to make the following request under the Freedom of Information Act, 5 U.S.C. Sec. 552.

Please provide the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service.

This request is designed to encompass but is not limited to a list of all such information that is made publicly available through the filing of a public permit application. If this information is maintained in computer files then we are requesting that it be produced in a standard excel spreadsheet format. We are also amenable to communicating with the agency's technicians should another format be preferable. If the information is maintained solely on permit applications then the requestor is seeking copies of those applications.

The National Park Service has announced plans to assess and implement "choices for the future of the National Mall." (www.nps.gov/nationalmallplan) In a public meeting held on January 12, 2008 in Washington, D.C. the NPS representatives acknowledged that no effort had been made to inform those persons and entities who had sought or obtained permits for use of the Mall for First Amendment activities of those proposed changes. The representatives further stated that others, outside of the NPS, should endeavor to reach out to engage interested parties in the proposed changes. We are requesting that the information be provided without the charging of fees and on an expedited basis.

The ANSWER Coalition has organized the largest anti-war demonstrations in Washington, D.C. since the Vietnam War, including a protest of 500,000 on the National Mall in January 2003 which through its significant outreach capacities and efforts brought people from across the country.

**Request for Fee Waiver**

The disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

The information requested herein is not intended to be used for commercial purposes, but for dissemination to the public and for public education, specifically to inform the public about the U.S. government's proposed changes to access to and use of the country's National Mall.

**Request for Expedited Processing**

The requester is primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital. This need for expedited processing is true and correct to the best of our knowledge and belief.

**In the Event of Denial**

If this request is denied in whole or in part, please provide the basis for each such denial or deletion by reference to the specific exemption of the Act which you assert is applicable.

**Request for All Portions of Material for Which No Exemption to Production is Claimed**

Please provide all segregable portions of otherwise exempt material.

We reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

Sincerely,

Mara Verheyden-Hilliard



# United States Department of the Interior

NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240

JAN 3 1 2008

IN REPLY REFER TO:

A7221(2550)

Ms. Mara Verheyden-Hilliard
Law Offices, Partnership for Civil
   Justice, Inc.
617 Florida Avenue, NW
Washington, D.C. 20001

Dear Ms. Verheyden-Hilliard:

The National Park Service received your Freedom of Information Act (FOIA) request regarding the National Mall on January 30, 2008. We assigned it Request No. NPS-2008-00186. We have forwarded your request to our National Capital Regional office for a direct reply to you. That office will advise you of the status of our response within 20 working days if they anticipate a delay. Unusual circumstances may warrant an additional 10-day extension. If you need to contact that office, the address is:

William Line
FOIA Officer
National Park Service
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242
Telephone: 202/619-7177

Sincerely,

Diane M. Cooke
FOIA Officer
NPS Headquarters



# United States Department of the Interior

OFFICE OF THE SECRETARY
WASHINGTON, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
7202.4-OS-2008-00189

February 1, 2008

Ms. Mara Verheyden-Hilliard
Partnership for Civil Justice, Inc.
617 Florida Avenue, N.W.
Washington, D.C. 20001

Dear Ms. Verheyden-Hilliard:

On January 30, 2008, in a letter addressed to Ms. Miriam Brown-Lam, you filed a Freedom of Information Act (FOIA) request on behalf of the A.N.S.W.E.R. Coalition, stating:

> "Please provide the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the Department of the Interior."

Your request was received in the Office of the Secretary FOIA office for processing[1] on February 1, 2008, and assigned control number **OS-2008-00189**. Please cite this number in any future communications with our office regarding your request.

With respect to your request:

1. Given the subject of your request, the National Park Service will be responding to your request on behalf of the Department of the Interior, and will be making any and all determinations regarding your requests for a fee waiver and expedited processing.

You may expect to hear from the National Park Service shortly. If you do not, you may write or call its FOIA Officer listed on the attached directory, printed from the Department's website at www.doi.gov, or file an appeal for non-response with the

---

[1] The Office of the Secretary FOIA office responds to all FOIA requests sent to Ms. Miriam Brown-Lam, either in her official capacity as the Senior Departmental FOIA Program Officer, or in her acting capacity as the Departmental Privacy Officer.

Ms. Mara Verheyden-Hilliard                                                             2

Department's Freedom of Information Act Appeals Officer.[2]  When communicating with the National Park Service regarding your request, please cite control number **NPS-2008-00185**.

This completes the Office of the Secretary's response to your request.

If you have any questions regarding any of the issues discussed in this letter, you may contact Ray McInerney by phone at 202-565-1076, by fax at 202-219-2374, by e-mail at osfoia@nbc.gov, or by mail at U.S. Department of the Interior, 1951 Constitution Avenue, N.W., MS 116 – SIB, Washington, D.C.  20240.  Within the Office of the Secretary, we are committed to providing you, our customer, with the highest quality of service possible.

                                        Sincerely,

                                        Sue Ellen Sloca
                                        Office of the Secretary
                                        FOIA Officer

Enclosure

*PRIVACY ACT notice:  Before you choose to contact us, electronically, there are a few things you should know.  The information you submit, including your electronic address, may be seen by various people.  We will scan a copy of your request into our electronic OS FOIA administrative/image file.  We will key the information that you provide to us into our electronic OS FOIA tracking file.  We may share it with other individuals, both within and without the Department, involved in Freedom of Information Act administration. You may be contacted by any of these individuals.  In other limited circumstances, including requests from Congress or private individuals, we may be required by law to disclose some of the information you submit.  Also, e-mail is not necessarily secure against interception.  If your communication is very sensitive, or includes personal information like your bank account, charge card, or social security number, you might want to send it by postal mail, instead.*

---

[2] You may file an appeal for non-response by writing to the FOIA Appeals Officer, U.S. Department of the Interior, 1849 C Street, N.W., Mail Stop 6556, MIB, Washington, D.C.  20240.  Your appeal letter must be marked, both on its envelope and at the top of its first page, with the legend "FREEDOM OF INFORMATION APPEAL."  Your appeal letter should be accompanied by a copy of this letter, along with a statement attesting to the fact that you have not yet received a response from the agency component to which you sent your request. *Please allow this party ample time to process this request before filing an appeal: a minimum of 30 working days plus a reasonable allowance for postal mail delivery*

Home | Feedback | Accessibility |

Friday, February 01, 2008



# Freedom of Information Act Program (FOIA)

## U.S. DEPARTMENT OF THE INTERIOR

Search [＿＿＿＿＿] 

- ≫ Current FOIA Address
- ≫ What's New
- ≫ Electronic Reading Room
- ≫ Guide for Obtaining Information
- ≫ Frequently Requested Documents
- ≫ FOIA Contacts
- ≫ DOI FOIA Service Centers/Liaisons
- ≫ DOI FOIA Improvement Plan (EO 13392)
- ≫ FOIA Policy and Guidance
- ≫ FOIA Fees
- ≫ Reference Materials
- ≫ DOI Bureaus/Offices Home Pages
- ≫ Privacy Program
- ≫ Records Management Program
- ≫ DOI Home
- ≫ OCIO Home
- ≫ FOIA Home

## FOIA Contacts

### Headquarters

| Bureau | Name & Address | Phone, Fax & Email |
|---|---|---|
| Department (FOIA Policy) | Alexandra Mallus MS-5312, MIB 1849 C Street, NW Washington, DC 20240 | 202/208-5342 Fax: 202/208-6867 |
| | Melissa Allen, Backup IMD Program Analyst FOIA Team MS-5312, MIB 1849 C Street, NW Washington, DC 20240 | 202/ 208-3939 Fax: 202/ 208-6867 |
| | Miriam Brown-Lam Acting Departmental Privacy Officer MS-5312, MIB 1849 C Street, NW Washington, DC 20240 | 202/208-2588 Fax: 202/513-0794 |
| Department (FOIA Appeals Only) | Ms. Darrell Strayhorn MS-6556, MIB 1849 C Street, NW Washington, DC 20240 | 202/208-5339 Fax: 202/208-6677 |
| Office of the Secretary | Sue Ellen Sloca MS-116, SIB 1951 Constitution Ave, NW Washington, DC 20240 | 202/208-6045 202/513-0765 Fax: 202/219-2374 E-mail: osfoia@nbc.gov |

### Bureaus / Offices

| | | |
|---|---|---|
| Fish & Wildlife Service _Region/Field Contacts_ | Johnny Hunt<br>Teri Jackson<br>Division of Information Resources & Technology Management (IRTM)<br>Arlington Square<br>4401 North Fairfax Drive<br>Mailstop #340<br>Arlington, VA 22203 | 703/358-2504<br>703/358-2257<br>Fax: 703/358-2251<br>E-mail: r9foia@fws.gov |
| Geological Survey _Region/Field Contacts_ | Debbie Kimball<br>12201 Sunrise Valley Drive<br>MS-807, National Center<br>Rm 2C314<br>Reston, VA 20192 | 703/648-7158<br>Fax: 703/648-6853<br>Email: foia@usgs.gov |
| Bureau of Indian Affairs (Policy) | Bob Harnage<br>BIA - Office of Information Policy<br>625 Herndon Parkway<br>Herndon, VA 20170 | 703/735-4413<br>Fax: 703/735-4416 |
| (Requests) | Laura Cloud<br>MS-3071, MIB<br>1849 C Street, NW<br>Washington, DC 20240 | 202/208-4542<br>Fax: 202/208-6597<br>Email: Offline<br>Alternative: submit a FAX request to: 202-208-6597 |
| Bureau of Land Management (Policy) | Laura Bell<br>Room 725<br>(WO-560)<br>1849 C Street, NW, Washington, D.C. 20240 | 202/452-5013<br>Fax: 202/452-5002<br>Email:wo_foia@blm.gov |
| Bureau of Land Management (Requests) _Region/Field Contacts_ | Barbara Brown<br>Room 725 (WO-560)<br>1849 C St., NW<br>Washington, D.C. 20240 | 202/452-0314<br>Fax: 202/452-5002<br>Email:wo_foia@blm.gov |
| Office of Inspector General | Sandra Evans<br>MS-5341, MIB<br>1849 C Street, NW<br>Washington, DC 20240 | 703-487-5436<br>Fax: 703/487-5406<br>Email: foia@doioig.gov |

| | | |
|---|---|---|
| Minerals Management Service *Region/Field Contacts* | Ginny Morgan MS-2200, Atrium Bldg. Herndon, VA 20170 | 703/787-1689 Fax: 703/787-1922 Email: mmsfoia@mms.gov |
| Bureau of Reclamation *Region/Field Contacts* | Casey Snyder Bureau of Reclamation FOIA Officer PO Box 25007, 84-21300 Denver CO 80225-0007 | Voice: (303) 445-2048 Fax: (303) 445-6575 Toll Free Voice: (888) 231-7749 Toll Free Fax: (888) 808-5104 E-mail: borfoia@usbr.gov |
| National Park Service *Region/Field Contacts* | Diane Cooke (ORG CODE 2550) Office of the Chief Information Officer (OCIO) 1849 C Street, N.W. MailStop: 1201 Eye Street, 8th Floor Washington, DC 20240 | 202/354-1925 Fax: 202/371-5584 Email: web form |
| Office of the Solicitor | Christina Bartlett MS-6556, MIB 1849 C Street, N.W. Washington, DC 20240 | 202/208-6221 Fax: 202/208-5206 Email: Offline |
| Office of Surface Mining *Region/Field Contacts* | Willie Chism MS-130, SIB 1951 Constitution Ave., N.W. Washington, DC 20240 | 202/208-2961 Fax: 202/219-3092 E-mail: efoiarequest@osmre.gov |

The Department of the Interior FOIA Office toll-free telephone number is 1-888-603-7119.

Accessibility | Feedback | Notices | Disclaimer | Privacy Statement | FOIA | E-Gov | USA.gov | DOI Home

*U.S. Department of the Interior*
*This is an Official Government Website*
*Freedom of Information Act*
*http://www.doi.gov/foia/*
*doifoia@ios.doi.gov*
*Last Updated on 01/31/08*



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

IN REPLY REFER TO:

FEB 1 3 2008

A7221(RCO)

Mara Verheyden-Hilliard
Attorney At Law
Partnership for Civil Justice, Inc.
617 Florida Avenue, N.W.
Washington, D.C. 20001

Dear Ms. Verheyden-Hilliard:

This letter is in response to your Freedom of Information Act (FOIA) request dated January 30, 2008 and received in our office on January 31, 2008 in which you request "the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service." You further inform the NPS this request "is designed to encompass but is not limited to a list of all such information that is made publicly available through the filing of a public permit application."

Under the Department of the Interior's FOIA regulations, 43 CFR Part 2, before we begin processing your request, we must first address your requests for a fee waiver and expedited processing, as outlined below.

The FOIA, 5 U.S.C. § 552 generally provides that the Government shall make documents available to the public for inspection and copying to the widest extent possible. However, certain classes of documents may be exempt. The FOIA does not require that new records be created in response to a request and only applies to records in existence at the time the request is received.

**Request for Fee Waiver**

Your request for a fee waiver is denied. Fees may be waived if disclosure of the requested information is in the public interest because its release is likely to contribute to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester. 43 CFR 2.19(b) and Appendix D to 43 CFR Part 2. Your request for a fee waiver simply restates the requirements of the regulation but contains no discussion of why they are satisfied here.

The National Park Service has already provided extensive public information regarding its planning process in the Federal Register on January 16, 2007 and September 6, 2007, in assorted

media reports, through an established dedicated planning website at
www.nps.gov/nationalmallplan and e-mail address at nationalmallplan@nps.gov, and through
newsletters posted online and distributed to visitors by park rangers. It therefore does not appear
that the documents requested are likely to further contribute to public understanding of the
operations or activities of government, or that the general public has sought or have any interest
in this information.

Your request for a fee waiver fails to explain how, other than enhancing your knowledge,
disclosure of the requested records would contribute to the understanding of the public at large.
It is silent regarding how and to whom you intend to disseminate the information. Similarly,
your request fails to explain how disclosure will increase the level of public understanding of the
federal government's operations or activities beyond that existing now.

You may appeal this fee waiver denial to the FOIA Appeals Officer within 30 workdays of the
date of this letter by following the procedures found at 43 C.F.R. § 2.30.

The appeal must be addressed to the Freedom of Information Act Appeals Officer, United States
Department of the Interior, 1849 C Street, N.W., Mailstop 6566, Washington, D.C. 20240. To
expedite processing, both the envelope containing the notice of appeal and the face of the notice
should bear the legend "Freedom of Information Act Appeal."

In making this decision, Jason Waanders, Attorney-Advisor, Office of the Solicitor, was
consulted.

Based on the broad nature of your request, we estimate the processing fees for this FOIA request
to be $1,829.94. This figure was arrived at by calculating 31 total hours of search time,
performed by two employees, with each employee at a different pay grade and thus a different
rate charged for the search; this figure also includes providing the first two hours of search time
free of charge. This figure also includes photocopying charges of $532.74, which includes
providing you the first 100 pages free of charge. 43 C.F.R. 2.17.

We will require advance payment of the $1,829.94. This request for advance payment is
consistent with 43 C.F.R. § 2.18(c). Alternatively, you may modify the scope of your FOIA
request to reduce the fee. In keeping with 43 C.F.R. § 2.18(d), we will not begin processing your
FOIA request until the fee issue has been resolved.

Please also be advised that it appears your request may involve agency records containing
information whose disclosure might constitute a clearly unwarranted invasion of personal
privacy. If that is the case, that information will likely be withheld under Exemption 6 of the
FOIA. 5 U.S.C. § 552(b)(6). We do not refund fees when exempt information is withheld.

We ask that you respond within 20 workdays of the date of this letter. If we do not hear from
you within 20 workdays, then we will assume that you are no longer interested in this matter and
will close the file on your request.

**Request for Expedited Processing**

Your request for expedited processing is denied. Your FOIA request states that you seek expedited processing of your request because you are "…primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital." Your request for expedited processing is silent regarding any explanation of how you propose to disseminate the information you seek or any past success in doing so.

Moreover, pursuant to 43 C.F.R. § 2.14(a)(2), "the requested information must be the type of information which has particular value that will be lost if not disseminated quickly, and ordinarily refers to a breaking news story of general public interest. However, information of historical interest only, or information sought for litigation or commercial activities would not qualify, nor would a news media deadline unrelated to breaking news." It does not appear that the information you are requesting is of this type.

You may appeal this expedited processing denial to the FOIA Appeals Officer within 30 workdays of the date of this letter by following the procedures found at 43 C.F.R. § 2.30 and § 2.32(b).

The appeal must be addressed to the Freedom of Information Act Appeals Officer, United States Department of the Interior, 1849 C Street, N.W., Mailstop 6556, Washington, D.C. 20240. To expedite processing, both the envelope containing the notice of appeal and the face of the notice should bear the legend "Freedom of Information Act Appeal."

Sincerely,

Lisa A. Mendelson - Telmini

Deputy Regional Director, National Capital Region

LAW OFFICES

# PARTNERSHIP FOR CIVIL JUSTICE, INC.

617 FLORIDA AVENUE, NW

WASHINGTON, D.C. 20001

CO-FOUNDERS:
CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 232-1180

March 12, 2008

Lisa A. Mendelson-Ielmini
Deputy Regional Director
National Capitol Region
National Park Service
1100 Ohio Drive, S.W.
Washington, DC 20242

*Sent via facsimile and U.S. Mail*

**Re:    Freedom of Information Request Dated January 30, 2008**

Dear Ms. Mendelson-Ielmini:

I am writing in response to your letter dated February 13, 2008 regarding the ANSWER Coalition's FOIA Request dated January 30, 2008, and requiring a response within 20 working days or else you will assume that the ANSWER Coalition "is no longer interested in this matter and will close the file on your request."

The ANSWER Coalition remains interested in this matter and advises you that it is expressly requesting that you not close the file of your own initiative.

The National Park Service advises that the ANSWER Coalition must first pay to the government $1,829.94 for access to this public information and, further, that the NPS reserves the right to redact and not produce an unspecified portion or all of the information requested.

We are seeking clarification from you, in order to achieve the least burden possible upon you and to avoid costs to our client.

In what format or system is the information requested maintained?

It is our understanding that the NPS or its offices maintain an electronic record or database of the names and contact information of persons and groups who submit or receive demonstration permits. According to the Department of the Interior's Privacy Act Systems of Records Notices, the NPS or its offices maintains electronically as computer files records of all Special Use Permits, including "permitees' names, addresses, terms, and conditions of permits."

If the requested information is, in fact, maintained electronically as computer file records, we would expect they could be recovered in far less time than you have projected. As stated in the original FOIA request, we will gladly place a technical contact of ours in touch with any technical contact of yours in order to determine the best format to use for the production of electronic data to the ANSWER Coalition.

<u>What searching is needed to satisfy the FOIA request?</u>

Your correspondence advises that the ANSWER Coalition may modify the scope of the FOIA request to reduce the fee and that you will not begin processing the request "until the fee issue has been resolved."

It is unclear from your correspondence whether the NPS represents that it will require a total of 31 hours of search time or is representing that the request will require a total of 31 hours of search time by each of two employees. Can you please clarify?

In either case, the search charge appears excessive. Please advise what searching is needed to recover the information requested.

If the very high search fee is, in part, due to the fact that the requested data is within a larger data set and the perception that our clients are asking for the NPS to sort through this set to cull out responsive material, there may be ways to reduce the searching process. For example, the larger set of data could be produced in electronic format to the ANSWER Coalition which itself will undertake to review the data.

<u>What categories of information does the NPS intend to redact?</u>

In your correspondence, you advise that the FOIA request encompasses "records containing information whose disclosure might constitute a clearly unwarranted invasion of privacy" and that the NPS will withhold such information. You further advise that "We do not refund fees when exempt information is withheld."

However, you decline to identify what categories of information you intend to redact or withhold. If the NPS intends to withhold name, address or telephone information (or any other information) that is encompassed by the FOIA request then we would request that you identify in response to this letter what categories of data you intend to redact or consider to be exempt from disclosure.

Please note, however, that all information requested is information that the NPS routinely makes publicly available.

On behalf of our client, we seek to communicate cooperatively with your agency in order to ensure the disclosure of the information requested.

The ANSWER Coalition objects to, and shall appeal, the agency's denial of the requests for expedited processing and for a fee waiver. Nevertheless, now and during the pendency of such appeals we are available by telephone, for an in-person meeting, or of course by correspondence in order to facilitate your agency's provision of the requested data with the least amount of burden.

As stated above, we request that you keep open the file on ANSWER's request for the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service.

We look forward to your prompt response to this letter.

Sincerely,

Mara Verheyden-Hilliard

LAW OFFICES

PARTNERSHIP FOR CIVIL JUSTICE, INC.
617 FLORIDA AVENUE, NW
WASHINGTON, D.C. 20001

CO-FOUNDERS:
CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 232-1180

**Freedom of Information Act Appeal**

March 26, 2008

Freedom of Information Act Appeals Officer
United States Department of the Interior
1849 C Street, N.W.
Mailstop 6556
Washington, D.C. 20240

*Sent via certified mail*

Re:    **Freedom of Information Act Appeal**

Dear FOIA Appeals Officer:

This is an appeal on behalf of the ANSWER Coalition (ANSWER) under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, from the denial of its requests for a waiver of fees and expedited processing. Because of the time sensitive nature of the requested information, we are requesting expedited processing of this appeal pursuant to 43 C.F.R. § 2.32(b).

On January 30, 2008 ANSWER submitted a FOIA request to the National Park Service (NPS) requesting "the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service." This request encompassed "a list of all such information that is made publicly available through the filing of a public permit application." ANSWER requested production in a standard excel spreadsheet format if the information was maintained in computer files, but indicated it was "amenable to communicating with the agency's technicians should another format be preferable." However, if the information

is maintained solely on permit applications ANSWER requested copies of those applications. In its initial request, ANSWER also requested a waiver of fees and expedited processing.

On February 13, 2008, NPS responded to ANSWER's FOIA request, denying both its request for a fee waiver and its request for expedited processing, and requiring a response within 20 working days or NPS "will assume you are no longer interested in this matter and will close the file on your request." ANSWER responded to NPS on March 12, 2008, seeking additional clarification from the NPS and endeavoring to facilitate the production of requested materials. ANSWER requested information regarding the system or format by which the material is maintained, what searching is required to satisfy the request, and what categories of information the NPS intends to redact. To date there has been no response to this inquiry. ANSWER also requested that NPS not unilaterally choose to close the file on ANSWER's request and indicated its intent to file this appeal.

Copies of ANSWER's initial request, NPS's response, and ANSWER's March 12, 2008 letter are enclosed and incorporated herein by reference.

<u>Request for Expedited Processing</u>

ANSWER requests expedited processing pursuant to 43 C.F.R. § 2.14(1)(2) because there is an urgency to inform the public about actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital.

NPS denied ANSWER's request for expedited processing, because the information requested "does not appear" to be the type which has particular value that will be lost if not disseminated quickly, ordinarily a breaking news story of general public interest (see NPS letter dated February 13, 2008).

The information requested is exactly this type of information and there is a significant urgency in informing the public of actual Federal Government activity. The National Park Service has announced its intention to create a new "National Mall Plan." It recently held "Alternatives Discussion Meetings" for its "National Mall Plan." NPS is considering three action alternatives for "preserving, improving, and maintaining the National Mall." A Draft National Mall Plan/Environmental Impact Statement is expected to be published by Summer 2008, at which point there will be two months for public review and comment (see Office of Communications News Release dated December 11, 2007). The information requested is necessary to fully inform this notice and comment period, which, much like an election, offers a chance for the public to express its views and to participate in the development of government policies.

The NPS claimed 3,000 permittees used the National Mall annually for assembly activities. Since this FOIA request was filed, the NPS has publicly stated that approximately 1,500 of those permittees have been engaged in First Amendment activities. Yet, the NPS has

made no effort whatsoever to contact those persons/entities to advise them of this new redevelopment of the National Mall or gather their input. As stated in the initial FOIA request:

"The National Park Service has announced plans to assess and implement "choices for the future of the National Mall." (www.nps.gov/nationalmallplan) In a public meeting held on January 12, 2008 in Washington, D.C. the NPS representatives acknowledged that no effort had been made to inform those persons and entities who had sought or obtained permits for use of the Mall for First Amendment activities of those proposed changes. The representatives further stated that others, outside of the NPS, should endeavor to reach out to engage interested parties in the proposed changes. We are requesting that the information be provided without the charging of fees and on an expedited basis."

One representative of the NPS's proposed plan stated at the January 12, 2008 public forum that her effort at outreach for the event consisted of sending an email to the Washington DC Board of Trade internal email list. This is woefully inadequate.

The information concerns a matter of exigency to the American public because this is a matter of current national debate.[1] The names, addresses, and phone number of organizations and persons who have obtained permits for the use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, is urgently needed to inform these groups and individuals concerning actual government activity affecting the rights of people to engage in First Amendment activities. All the requested information is provided on a form that the NPS requires from permit applicants and is information that the NPS readily possesses. It is believed that the information is also possessed in electronic form.

The consequences of delaying a response would compromise a significant recognized interest because any delay in processing this request would deprive the public of its ability to make its views known in a timely fashion including participation in the upcoming notice and comment period and through contact with public officials. See Washington Post v. Dept. of Homeland Security, No. 06-1737 (RMU), slip op. at 22 (D.D.C. Oct. 19, 2006) (order granting preliminary injunction) (finding urgency on a matter of current national debate because of an impending election); see also Electronic Privacy Information Center v. Department of Justice, No. 06-00096 (HHK), slip op. at 16 (D.D.C. February 16, 2006) (plaintiff demonstrated the risk of irreparable injury in a case seeking expedited processing when President Bush had "invited meaningful debate about the warrantless surveillance program."); see also Leadership Conference on Civil Rights v. Gonzales, No. 04-1664 (RCL), slip op. at 19 (D.D.C. December 9, 2005) (plaintiff was entitled to expedite processing where it was primarily engaged in

---

[1] Miachel E. Ruane, *"The Battle to Remold the Mall; Preservation Proposals Spark Debate Over Limits on Free Speech,"* Washington Post, January 20, 2008; Scott Thill, *"National Mall Redesign Could Seriously Restrict Free Speech,"* AlterNet, February 27, 2008.

disseminating information…"to educate the public, promote effective civil rights laws, and ensure their enforcement by the Department of Justice" and there was an urgency due to the "upcoming expiration of the special provisions of the Voting Rights Act in 2007."). Finally, the request concerns federal government activity, namely changes implemented by NPS to the National Mall.

On its designated website, NPS has recently acknowledged that it "received a number of questions related to First Amendment demonstrations on the Mall" during the most recent comment period (see http://www.nps.gov/nationalmallplan/).

While NPS continues to insist that "nothing has been adopted, finalized or set in stone,"[2] the public must be able to fully participate in the upcoming notice and comment period to have any tangible input in the proposal that is adopted, finalized and set in stone. Clearly, the public is interested in these issues and a greater number of groups and individuals must be informed of this planning process.

Those who have used the National Mall for free speech activities certainly have a significant interest and contribution to make and have the ability as well to alert their members and constituencies who have participated in First Amendment protected assemblies.

The particular value of the requested information lies in fully informing the public in time to allow participation in the notice and comment period. This value will be lost if the requested information is not disclosed quickly, allowing for notification of the process to identified organizations and groups. The consequences of delaying a response would deprive the public of its ability to make its views known in a timely fashion, including through the notice and comment process and other contacts with public officials.

The ANSWER Coalition was expressly formed for the purpose of, and is primarily engaged in, informing the public concerning actual or alleged government activity, specifically that which is related to war policies, civil rights and racism, and mobilizing collective democratic action in response. A primary activity of ANSWER is the dissemination and publication of such information about actual or alleged government activities through leaflets, literature, articles and other communications, using in-person distribution including, but not limited to, at mass demonstrations and public assemblies as well as at conferences and meetings; through the ANSWER web site; and through mass e-mail communications. ANSWER is experienced and successful in communicating with groups and individuals like the organizations and people who have used the National Mall for free speech activities

ANSWER has affiliated individuals and organizations in every state in the United States and has successfully utilized the methods described above to disseminate information to the

---

[2] Scott Thill, *"National Mall Redesign Could Seriously Restrict Free Speech,"* AlterNet, February 27, 2008.

public in the past, as evidenced by the recent September 15, 2007 national demonstration and mobilization organized by ANSWER, in which over 100,000 persons are estimated to have attended a rally and march in Washington, DC.

ANSWER seeks to alert persons and entities who have obtained permits for Free Speech activities on the National Mall to the NPS's proposed National Mall Plan and encourage public input and participation. This information is currently only in the possession of the National Park Service which is refusing to release it in a timely manner while simultaneously refusing to alert these persons/entities to its plans.

Request for Waiver of Fees

ANSWER is entitled to a fee waiver pursuant to 43 C.F.R. § 2.19(b) because disclosure of the requested information is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requestor. 43 C.F.R. § 2.19(b).

The information requested is indeed likely to further contribute to public understanding of the operations of the government. NPS has specifically identified use of the National Mall as an issue to be addressed during the planning process, asking "Within the confines of policy and regulation, to what extent can demonstrations and events be sustainably and efficiently staged on the National Mall while simultaneously achieving desired resource conditions?"

According to NPS, public demonstrations in connection with First Amendment rights constitute a portion of an annual average of around 3,000 permitted events on the National Mall.[3] However, on its dedicated website, www.nps.gov/nationalmallplan, the NPS has only two media advisories and one press release. None of these documents addresses the issue of First Amendment activities on the National Mall. In the areas of "Recent News" and "Public Service Announcements" the site simply reads "More information coming soon!"

At a public meeting on January 12, 2008, participants, many of whom were alerted by the ANSWER Coalition, addressed the issue of First Amendment activity on the National Mall. Many expressed concerns that they had not heard of the event from the NPS but rather through the efforts of ANSWER and the Partnership for Civil Justice, even though the NPS had been engaged in its Mall redevelopment process already for a year. The issue of First Amendment rights on the National Mall and proposals, including to create a preferred protest area at the Capitol and to ban temporary structures (including stages and sound towers) that might obstruct the East-West view on the Mall, were the subject of heated discussion at that meeting.

---

[3] *"Planning for the National Mall and Pennsylvania Avenue National Historic Park"* at 6, also available at www.nps.gov/nationalmallplan.

Moreover, the general public has sought, and has an interest in, this information. As indicated on its dedicated website, the NPS has received a number of questions on the very issue of First Amendment demonstrations on the National Mall. NPS has yet to provide a formal, comprehensive response to these issues.

ANSWER has no commercial interest that will be furthered by disclosure of the requested information. As described above, ANSWER was expressly formed for the purpose of informing the public concerning actual or alleged government activity, specifically that which is related to war policies, civil rights and racism, and mobilizing collective democratic action in response.

The information requested will be used to advise users of the National Mall of the National Park Service's plans to remake the Mall in order for there to be greater public input and participation in any such plans.

Further, the ANSWER Coalition meets the criterion laid out in National Security Archive v. Department of Defense, where a representative of the news media is defined as an entity that "gathers information of potential interest to a segment of the public" and "uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." 880 F. 2d at 1387. ANSWER's updates and analyses contain references and links to supporting and underlying documents in pdf format where appropriate, and major releases are typically translated into Spanish and other languages and are widely disseminated both domestically and world-wide. Therefore, the ANSWER Coalition meets the requirements, and is entitled to, expedited processing as well as a fee waiver.

The information requested will contribute significantly to public understanding of the operations or activities of the Government, will highlight an area of concern in the planning process that appears to be substantially disregarded by the NPS, and will allow the public to respond to proposals and express any concerns regarding the impact of any proposals on First Amendment activities while the opportunity to do so still remains.

Thank you for your prompt attention to this matter. Please do not hesitate to call us if we can be of further assistance. As stated above, due to the time sensitive manner of the requested information, we request expedited review of this appeal. We look forward to your reply and hope we can resolve this matter amicably and expeditiously.

Sincerely,

Mara Verheyden-Hilliard / rm

Mara Verheyden-Hilliard

Enclosures

LAW OFFICES

PARTNERSHIP FOR CIVIL JUSTICE, INC.

617 FLORIDA AVENUE, NW
WASHINGTON, D.C. 20001

CO-FOUNDERS:
CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 232-1180

January 30, 2008

Diane Cooke
(ORG CODE 2550)
Office of the Chief Information Officer (OCIO)
1849 C Street, NW

*Sent via certified mail and facsimile*

Re:  Freedom of Information Act Request

Dear Ms. Cooke:

We are writing on behalf of the A.N.S.W.E.R. Coalition to make the following request under the Freedom of Information Act, 5 U.S.C. Sec. 552.

Please provide the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service.

This request is designed to encompass but is not limited to a list of all such information that is made publicly available through the filing of a public permit application. If this information is maintained in computer files then we are requesting that it be produced in a standard excel spreadsheet format. We are also amenable to communicating with the agency's technicians should another format be preferable. If the information is maintained solely on permit applications then the requestor is seeking copies of those applications.

The National Park Service has announced plans to assess and implement "choices for the future of the National Mall." (www.nps.gov/nationalmallplan) In a public meeting held on January 12, 2008 in Washington, D.C. the NPS representatives acknowledged that no effort had been made to inform those persons and entities who had sought or obtained permits for use of the Mall for First Amendment activities of those proposed changes. The representatives further stated that others, outside of the NPS, should endeavor to reach out to engage interested parties in the proposed changes. We are requesting that the information be provided without the charging of fees and on an expedited basis.

The ANSWER Coalition has organized the largest anti-war demonstrations in Washington, D.C. since the Vietnam War, including a protest of 500,000 on the National Mall in January 2003 which through its significant outreach capacities and efforts brought people from across the country.

**Request for Fee Waiver**

The disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

The information requested herein is not intended to be used for commercial purposes, but for dissemination to the public and for public education, specifically to inform the public about the U.S. government's proposed changes to access to and use of the country's National Mall.

**Request for Expedited Processing**

The requester is primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital. This need for expedited processing is true and correct to the best of our knowledge and belief.

**In the Event of Denial**

If this request is denied in whole or in part, please provide the basis for each such denial or deletion by reference to the specific exemption of the Act which you assert is applicable.

**Request for All Portions of Material for Which No Exemption to Production is Claimed**

Please provide all segregable portions of otherwise exempt material.

We reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

Sincerely,

Mara Verheyden-Hilliard



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

IN REPLY REFER TO:

FEB 1 3 2008

A7221(RCO)

Mara Verheyden-Hilliard
Attorney At Law
Partnership for Civil Justice, Inc.
617 Florida Avenue, N.W.
Washington, D.C. 20001

Dear Ms. Verheyden-Hilliard:

This letter is in response to your Freedom of Information Act (FOIA) request dated January 30, 2008 and received in our office on January 31, 2008 in which you request "the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service." You further inform the NPS this request "is designed to encompass but is not limited to a list of all such information that is made publicly available through the filing of a public permit application."

Under the Department of the Interior's FOIA regulations, 43 CFR Part 2, before we begin processing your request, we must first address your requests for a fee waiver and expedited processing, as outlined below.

The FOIA, 5 U.S.C. § 552 generally provides that the Government shall make documents available to the public for inspection and copying to the widest extent possible. However, certain classes of documents may be exempt. The FOIA does not require that new records be created in response to a request and only applies to records in existence at the time the request is received.

**Request for Fee Waiver**

Your request for a fee waiver is denied. Fees may be waived if disclosure of the requested information is in the public interest because its release is likely to contribute to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester. 43 CFR 2.19(b) and Appendix D to 43 CFR Part 2. Your request for a fee waiver simply restates the requirements of the regulation but contains no discussion of why they are satisfied here.

The National Park Service has already provided extensive public information regarding its planning process in the Federal Register on January 16, 2007 and September 6, 2007, in assorted

media reports, through an established dedicated planning website at www.nps.gov/nationalmallplan and e-mail address at nationalmallplan@nps.gov, and through newsletters posted online and distributed to visitors by park rangers. It therefore does not appear that the documents requested are likely to further contribute to public understanding of the operations or activities of government, or that the general public has sought or have any interest in this information.

Your request for a fee waiver fails to explain how, other than enhancing your knowledge, disclosure of the requested records would contribute to the understanding of the public at large. It is silent regarding how and to whom you intend to disseminate the information. Similarly, your request fails to explain how disclosure will increase the level of public understanding of the federal government's operations or activities beyond that existing now.

You may appeal this fee waiver denial to the FOIA Appeals Officer within 30 workdays of the date of this letter by following the procedures found at 43 C.F.R. § 2.30.

The appeal must be addressed to the Freedom of Information Act Appeals Officer, United States Department of the Interior, 1849 C Street, N.W., Mailstop 6566, Washington, D.C. 20240. To expedite processing, both the envelope containing the notice of appeal and the face of the notice should bear the legend "Freedom of Information Act Appeal."

In making this decision, Jason Waanders, Attorney-Advisor, Office of the Solicitor, was consulted.

Based on the broad nature of your request, we estimate the processing fees for this FOIA request to be $1,829.94. This figure was arrived at by calculating 31 total hours of search time, performed by two employees, with each employee at a different pay grade and thus a different rate charged for the search; this figure also includes providing the first two hours of search time free of charge. This figure also includes photocopying charges of $532.74, which includes providing you the first 100 pages free of charge. 43 C.F.R. 2.17.

We will require advance payment of the $1,829.94. This request for advance payment is consistent with 43 C.F.R. § 2.18(c). Alternatively, you may modify the scope of your FOIA request to reduce the fee. In keeping with 43 C.F.R. § 2.18(d), we will not begin processing your FOIA request until the fee issue has been resolved.

Please also be advised that it appears your request may involve agency records containing information whose disclosure might constitute a clearly unwarranted invasion of personal privacy. If that is the case, that information will likely be withheld under Exemption 6 of the FOIA. 5 U.S.C. § 552(b)(6). We do not refund fees when exempt information is withheld.

We ask that you respond within 20 workdays of the date of this letter. If we do not hear from you within 20 workdays, then we will assume that you are no longer interested in this matter and will close the file on your request.

**Request for Expedited Processing**

Your request for expedited processing is denied. Your FOIA request states that you seek expedited processing of your request because you are "...primarily engaged in disseminating information to the public and the information is urgently needed to inform the public concerning actual government activity affecting the rights of people to engage in cherished First Amendment activities in the Nation's Capital." Your request for expedited processing is silent regarding any explanation of how you propose to disseminate the information you seek or any past success in doing so.

Moreover, pursuant to 43 C.F.R. § 2.14(a)(2), "the requested information must be the type of information which has particular value that will be lost if not disseminated quickly, and ordinarily refers to a breaking news story of general public interest. However, information of historical interest only, or information sought for litigation or commercial activities would not qualify, nor would a news media deadline unrelated to breaking news." It does not appear that the information you are requesting is of this type.

You may appeal this expedited processing denial to the FOIA Appeals Officer within 30 workdays of the date of this letter by following the procedures found at 43 C.F.R. § 2.30 and § 2.32(b).

The appeal must be addressed to the Freedom of Information Act Appeals Officer, United States Department of the Interior, 1849 C Street, N.W., Mailstop 6556, Washington, D.C. 20240. To expedite processing, both the envelope containing the notice of appeal and the face of the notice should bear the legend "Freedom of Information Act Appeal."

Sincerely,

Lisa A Mendelson - Ielmini

Deputy Regional Director, National Capital Region

LAW OFFICES
PARTNERSHIP FOR CIVIL JUSTICE, INC.
617 FLORIDA AVENUE, NW
WASHINGTON, D.C. 20001

CO-FOUNDERS:
CARL MESSINEO*
MARA VERHEYDEN-HILLIARD*
*ADMITTED IN D.C. AND N.Y.

TELEPHONE
(202) 232-1180

March 12, 2008

Lisa A. Mendelson-Ielmini
Deputy Regional Director
National Capitol Region
National Park Service
1100 Ohio Drive, S.W.
Washington, DC 20242

*Sent via facsimile and U.S. Mail*

**Re:     Freedom of Information Request Dated January 30, 2008**

Dear Ms. Mendelson-Ielmini:

I am writing in response to your letter dated February 13, 2008 regarding the ANSWER Coalition's FOIA Request dated January 30, 2008, and requiring a response within 20 working days or else you will assume that the ANSWER Coalition "is no longer interested in this matter and will close the file on your request."

The ANSWER Coalition remains interested in this matter and advises you that it is expressly requesting that you not close the file of your own initiative.

The National Park Service advises that the ANSWER Coalition must first pay to the government $1,829.94 for access to this public information and, further, that the NPS reserves the right to redact and not produce an unspecified portion or all of the information requested.

We are seeking clarification from you, in order to achieve the least burden possible upon you and to avoid costs to our client.

<u>In what format or system is the information requested maintained?</u>

It is our understanding that the NPS or its offices maintain an electronic record or database of the names and contact information of persons and groups who submit or receive demonstration permits. According to the Department of the Interior's Privacy Act Systems of Records Notices, the NPS or its offices maintains electronically as computer files records of all Special Use Permits, including "permitees' names, addresses, terms, and conditions of permits."

If the requested information is, in fact, maintained electronically as computer file records, we would expect they could be recovered in far less time than you have projected. As stated in the original FOIA request, we will gladly place a technical contact of ours in touch with any technical contact of yours in order to determine the best format to use for the production of electronic data to the ANSWER Coalition.

<u>What searching is needed to satisfy the FOIA request?</u>

Your correspondence advises that the ANSWER Coalition may modify the scope of the FOIA request to reduce the fee and that you will not begin processing the request "until the fee issue has been resolved."

It is unclear from your correspondence whether the NPS represents that it will require a total of 31 hours of search time or is representing that the request will require a total of 31 hours of search time by each of two employees. Can you please clarify?

In either case, the search charge appears excessive. Please advise what searching is needed to recover the information requested.

If the very high search fee is, in part, due to the fact that the requested data is within a larger data set and the perception that our clients are asking for the NPS to sort through this set to cull out responsive material, there may be ways to reduce the searching process. For example, the larger set of data could be produced in electronic format to the ANSWER Coalition which itself will undertake to review the data.

<u>What categories of information does the NPS intend to redact?</u>

In your correspondence, you advise that the FOIA request encompasses "records containing information whose disclosure might constitute a clearly unwarranted invasion of privacy" and that the NPS will withhold such information. You further advise that "We do not refund fees when exempt information is withheld."

However, you decline to identify what categories of information you intend to redact or withhold. If the NPS intends to withhold name, address or telephone information (or any other information) that is encompassed by the FOIA request then we would request that you identify in response to this letter what categories of data you intend to redact or consider to be exempt from disclosure.

Please note, however, that all information requested is information that the NPS routinely makes publicly available.

On behalf of our client, we seek to communicate cooperatively with your agency in order to ensure the disclosure of the information requested.

The ANSWER Coalition objects to, and shall appeal, the agency's denial of the requests for expedited processing and for a fee waiver. Nevertheless, now and during the pendency of such appeals we are available by telephone, for an in-person meeting, or of course by correspondence in order to facilitate your agency's provision of the requested data with the least amount of burden.

As stated above, we request that you keep open the file on ANSWER's request for the names, addresses, and phone numbers of organizations and persons who have obtained permits for use of the National Mall for demonstrations and First Amendment activities, and the purpose of the proposed activity, for the past 5 years, from January 1, 2003 to date, in the possession of the National Park Service.

We look forward to your prompt response to this letter.

Sincerely,

Mara Verheyden-Hilliard